# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

NANCY ALANIZ,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No.  1:24-cv-01266-SAB

ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

(ECF Nos. 18, 22)

Plaintiff Nancy Alaniz ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits pursuant to the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument.

Plaintiff requests the decision of Commissioner be vacated and the case be remanded for further proceedings, arguing that the decision below was not supported by substantial evidence. Specifically, Plaintiff argues that the Administrative Law Judge ("ALJ") erred in her analysis of Plaintiff's residual functional capacity with regard to Plaintiff's mental abilities.

For the reasons explained herein, the Court will affirm the decision of the Commissioner.

/ / /

/ / /

/ / /

1

# I.

# BACKGROUND

### A.    Procedural History

On December 21, 2021, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning November 15, 2021. (ECF No. 12, Administrative Record ("AR"), 30.)  Plaintiff's application was initially denied on June 24, 2022, and denied upon reconsideration on November 14, 2022.  (Id.)  Plaintiff requested before a hearing before an ALJ.  On October 19, 2023, Plaintiff, represented by counsel, appeared for a hearing in front of an ALJ.  (Id.)  Plaintiff and vocation expert ("VE") Cheryl Chandler testified.  (Id.)  On December 19, 2023, the ALJ issued a decision concluding that Plaintiff was not disabled.  (AR 42.)  On August 26, 2024, the Appeals Council denied Plaintiff's request for review.  (AR 1-5.)

### B.    The ALJ's Findings of Fact and Conclusions of Law

In the decision, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2026, and that Plaintiff had not engaged in substantial gainful activity since November 15, 2021, the alleged onset date.  (AR 33.)  The ALJ found that Plaintiff had the following severe impairments: depressive disorder and generalized anxiety disorder.  (Id.)  However, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed in impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AR 34.)

After considering the entire record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations:  Plaintiff can understand, remember, and carry out simple instructions; she can make simple, work-related decisions; she can deal with occasional changes in routine work setting; she can occasionally interact with supervisors, co-workers, and the public; and she cannot perform requiring a specific production rate, such as work on an assembly line, or work with hourly quotas.  (AR 35.)

The ALJ then found that that Plaintiff was unable to perform any past relevant work, she

2

was 54 years old (and turning 55 years old on February 1, 2022), and she had at least a high school education.  (AR 41.)  The ALJ discussed that transferability of job skills was not material to the determination of disability because using the Medical-Vocational Rules as a framework supported a finding that Plaintiff was "not disabled," whether or not Plaintiff had transferable job skills.  (Id.)  Considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.  (Id.)  Accordingly, the ALJ concluded that Plaintiff had not been under disability, as defined by the Social Security Act, from November 15, 2021, through the date of the decision, December 19, 2023.  (AR 42.)

Plaintiff sought timely review of the Commissioner's decision in the federal courts.  (ECF No. 1.)  The parties consented to the jurisdiction of the United States Magistrate Judge.  (ECF Nos. 4, 10, 11.)  Thereafter, the parties filed their briefs on the matter.  (ECF Nos. 18, 22.)

**II.**

**LEGAL STANDARD**

**A.    The Disability Standard**

To qualify for disability insurance benefits under the Social Security Act, a claimant must show she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A). The Social Security Regulations set out a five-step sequential evaluation process to be used in determining whether a claimant is disabled.  20 C.F.R. § 404.1520;[1]  Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1194 (9th Cir. 2004).  The five steps in the sequential evaluation in assessing whether the claimant is disabled are:

> Step one: Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

---

[1] The regulations which apply to disability insurance benefits, 20 C.F.R. §§ 404.1501 et seq., and the regulations which apply to SSI benefits, 20 C.F.R. §§ 416.901 et seq., are generally the same for both types of benefits. Accordingly, while Plaintiff seeks only Social Security benefits under Title II in this case, to the extent cases cited herein may reference one or both sets of regulations, the Court notes these cases and regulations are applicable to the instant matter.

Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work? If so, proceed to step three. If not, the claimant is not disabled.

Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006). The burden of proof is on the claimant at steps one through four. Ford v. Saul, 950 F.3d 1141, 1148 (9th Cir. 2020). A claimant establishes a *prima facie* case of qualifying disability once she has carried the burden of proof from step one through step four.

Before making the step four determination, the ALJ first must determine the claimant's RFC. 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e); 416.945(a)(2); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).[2] "[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001); 20 C.F.R. §§ 404.1545(a)(1), 404.1546(c).

At step five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g); Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To do this, the ALJ can use either the Medical Vocational Guidelines ("grids") or rely upon the testimony of a VE. See 20 C.F.R. § 404 Subpart P, Appendix 2;

---

[2] SSRs are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner. 20 C.F.R. § 402.35(b)(1). While SSRs do not have the force of law, the Court gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989); see also Avenetti v. Barnhart, 456 F.3d 1122, 1124 (9th Cir. 2006).

Lounsbury, 468 F.3d at 1114; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). "Throughout the five-step evaluation, the ALJ 'is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" Ford, 950 F.3d at 1149, quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

### B.    Standard of Review

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In determining whether to affirm, modify, or reverse an ALJ's decision, the Court reviews only those issues raised by the party challenging the decision. See Lewis v. Apfel, 236 F.3d 503, 517 n.13 (9th Cir. 2001). Further, the Court's review of the Commissioner's decision is a limited one; the Court may not disturb the Commissioner's final decision unless it is based on legal error or the findings of fact are not supported by substantial evidence. 42 U.S.C. § 405(g); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "[T]he threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 587 U.S. 97, 103 (2019). Rather, "[s]ubstantial evidence is more than a mere scintilla, and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Stiffler v. O'Malley, 102 F.4th 1102, 1106 (9th Cir. 2024), quoting Ford, 950 F.3d at 1154. In other words, "[s]ubstantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), quoting Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995).

Should the ALJ err, the Court will not reverse where the error was harmless. Stout, 454 F.3d at 1055-56. "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'" Leach v. Kijakazi, 70 F.4th 1251, 1255 (9th Cir. 2023), quoting Lambert v. Saul, 980 F.3d 1266, 1278 (9th Cir. 2020). The burden of showing that an error is not harmless "normally falls upon the party attacking the agency's determination." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012), quoting Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

Finally, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill v. Astrue, 698 F.3d 1153,

1159 (9th Cir. 2012), quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Nor may the Court affirm the ALJ on a ground upon which he or she did not rely; rather, the Court may review only the reasons stated by the ALJ in his decision. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). It is not this Court's function to second guess the ALJ's conclusions and substitute the Court's judgment for the ALJ's; rather, if the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Ford, 950 F.3d at 1154, quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

### III.

### DISCUSSION AND ANALYSIS

Plaintiff argues that the ALJ erred by finding the opinion of state psychological consultative examiner Christopher Cooper, Ph.D., persuasive yet not translating certain moderate limitation findings from Dr. Copper into the RFC as it pertains to Plaintiff's mental abilities. (ECF No. 18, pp. 5-13.) The Commissioner opposes, arguing that the ALJ necessarily must have been using a certain definition of "moderate" when discussing the Dr. Copper's opinion. (ECF No. 22, pp. 3-4.) The Commissioner also argues that because Dr. Cooper did not specify the functional limitations of the moderate limitations he found, any error would have been harmless. (Id. at pp. 4-5.)

The Court finds that neither party has correctly framed the issue in this case. As explained below, the Court observes that the ALJ found two medical opinions persuasive that had differing levels of mental abilities discussed regarding Plaintiff. Thus, with two competing opinions, the Court finds that the ALJ discharged her duty by unambiguously relying on one medical opinion over the other—a function that is within the everyday province of the ALJ. And while the evidence might be susceptible to more than one rational interpretation, under judicial review the Court is required to uphold the ALJ's conclusion. Ford, 950 F.3d at 1154.

When an ALJ calculates a claimant's RFC, the ALJ is tasked with determining "the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a **regular and continuing** basis, and the RFC assessment must include a discussion of the

individual's abilities on that basis." SSR 96-8p, 1996 WL 374184, at *2 (emphasis in original). In other words, the "RFC does not represent the least an individual can do despite his or her limitations or restrictions, but the *most*." Id. (emphasis in original). An ALJ assesses an RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). This includes "any statements . . . provided by medical sources, whether or not they are based on formal medical examinations," as well as reviewing any "consultative examination(s)" and, where applicable, prior administrative medical findings ("PAMFs"). Id.

Under the Social Security Administration's 2017 revised regulations, "there is not an inherent persuasiveness to evidence from [government consultants] over [a claimant's] own medical source(s), and vice versa." Woods v. Kijakazi, 32 F.4th 785, 791 (9th Cir. 2022), quoting Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844, 2017 WL 168819 (F.R. Jan. 18, 2017). "The most important factors" that the agency considers when evaluating the persuasiveness of medical opinions are "supportability" and "consistency." Id., quoting 20 C.F.R. § 404.1520c(a). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2). With that said, it remains for "the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020), quoting Treichler, 775 F.3d at 1098.

Recall that the ALJ crafted Plaintiff's RFC as follows: Plaintiff had the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: Plaintiff can understand, remember, and carry out simple instructions; she can make simple, work-related decisions; she can deal with occasional changes in routine work setting; she can occasionally interact with supervisors, co-workers, and the public; and she cannot perform requiring a specific production rate, such as work on an assembly line, or work with hourly quotas. (AR 35.)

As relevant here, in support of this RFC determination, the ALJ discussed the opinion of psychological consultative examiner Dr. Cooper, as well as an opinion from J. Leizer, Ph.D., and N. Haroun, MD, who reviewed the medical record.  (AR 38-39.)  In particular, Plaintiff highlights the following findings from Dr. Cooper.  First, Dr. Cooper opined that Plaintiff could "understand, remember and carry out short simplistic one-two-step instructions with mild difficulty."  (AR 39.)  "[Plaintiff] would have moderate difficulty complying with day-to-day work activities including attendance and safety."  (Id.)  "[Plaintiff] would have moderate difficulty performing work activities without special or additional supervision . . . .  This opinion is persuasive and is supported by the instant examination findings.  It is also consistent with the other evidence or record . . . ."  (Id.)

In an effort of completeness, the Court quotes the ALJ's discussion in full regarding the opinion of Drs. Leizer and Haroun.

> J. Leizer, PhD, and N. Haroun, MD, reviewed the evidence of record and opined that the claimant could perform short and simple job instructions, make simple work-related decisions and meet simple production standards that do not involve fast pace work or strict production quotas.  The client was able to adapt to simple and infrequent changes and stresses in a work setting, and was able to avoid normal hazards (Exhibits 1A/14-17; 3A/13-16).  Their findings with regards to completing simple job instructions and for no fast based work, to reduce stress, are persuasive, as they are supported by a logical narrative after their review of the objective evidence of record.  Additionally, they are consistent with the claimant's admitted activities, lack of psychological emergencies, and improvement in her mental health symptoms with the cessation of drinking and compliance with psychotropic medications.  For instance, the claimant described a broad range of activities at the hearing, including helping take care of her grandchildren, picking one grandson up from school, gardening, washing dishes, washing clothes, cooking, shopping in Walmart when it is not crowded, reading the Bible, and completing crossword puzzles on her phone.  Together, these activities show that the claimant would be capable of completing simple instructions, and perform work without strict production quotas.

(AR 38.)

Thus, the ALJ found both opinions persuasive, citing the record in support thereof— notwithstanding that the opinion of Dr. Cooper was narrower and the opinion of Drs. Leizer and Haroun was broader in certain regards.  Although the ALJ was required to explain why

"significant probative evidence has been rejected," <u>Vincent ex rel. Vincent</u>, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam) (internal quotation marks and citation omitted), here, the ALJ did not reject the Dr. Cooper's opinion; rather, it appears she resolved a conflict in the medical testimony. As outlined above, Dr. Cooper opined that Plaintiff could carry out one-two-step instruction; she would have moderate difficulty complying with day-to-day work activities including attendance and safety; and she would have moderate difficulty performing work activities without special or additional supervision. Meanwhile, Drs. Leizer and Haroun opined that Plaintiff could perform short and simple job instructions, make simple work-related decisions and meet simple production standards that do not involve fast pace work or strict production quotas; and Plaintiff could adapt to simple and infrequent changes and stresses in a work setting, as well as avoid normal hazards, which is entirely consistent with the RFC. Because both opinions speak to how Plaintiff could perform in a work setting, the Court finds that the ALJ's decision to adopt the broader limitations was reasonable. <u>See</u> 20 C.F.R. §§ 404.1545(a), 416.945(a) (noting an RFC represents the most a claimant can do, not the least). Therefore, "the ALJ's conclusion must be upheld." <u>Woods</u>, 32 F.4th at 788, quoting <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005); <u>see also</u> <u>Dunn v. O'Malley</u>, No. 23-55707, 2024 WL 3439583 (9th Cir. July 17, 2024) (mem.).

Though Plaintiff has provided a wealth of caselaw in support of her position, the Court finds it to either be inapposite or not persuasive. <u>See, e.g.</u>, <u>Slover v. Kijakazi</u>, No. 1:21-cv-01089-ADA-BAM, 2023 WL 5488416, at *3-*5 (E.D. Cal. Aug. 24, 2023) (finding that the ALJ erred when it did not incorporate a moderating limitation finding that was in two persuasive opinions); <u>Donald J. M. v. O'Malley</u>, No. 22-cv-1926-MMP, 2024 WL 1342573, at *14-*15 (S.D. Cal. Mar. 29, 2024) (finding the ALJ erred where it did not incorporate a persuasive finding from one medical opinion into the RFC); <u>Jeremy S. v. O'Malley</u>, No. 23-cv-00184-AJB-JLB, 2024 WL 343179, at *21-*22 (S.D. Cal. Jan. 29, 2024) (same with multiple findings not incorporated); <u>Panziera v. Berryhill</u>, No. 17-cv-02719-LHK, 2018 WL 278623, at *20-*21 (N.D. Cal. Jan. 3, 2018) (same and under the pre-2017 amendment interpretation regarding the evaluation of medical opinions, including the treating physician's rule). To be sure, this might have been a different case if there was only one, or two congruent, persuasive medical opinion(s) with findings not

incorporated into the RFC, but that is not the case at bar.

Finally, and in any event, the Court agrees with the Commissioner that even if the ALJ erred, any error would have been harmless. (ECF No. 22, pp. 3-4.) An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determinations." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (quotation and citation omitted). The burden of showing that an error is not harmless "normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009). Here, the Court observes that outside of Dr. Cooper's opinion that Plaintiff could perform one-two-step instructions, the other limitations did not include useful statements regarding the degree of Plaintiff's limitations. For example, though Dr. Cooper opined that Plaintiff would have "moderate difficult complying with day-to-day work activities including attendance and safety," (AR 39), Dr. Cooper did not elaborate on how many days a week or month Plaintiff might be absent or what aspects of safety in a workplace with which Plaintiff would have moderate limitations. The same is true regarding Dr. Cooper's opinion that Plaintiff would have moderate difficulty performing work activities without special or additional supervision. The Ninth Circuit has agreed with the Commissioner that descriptions of "[a plaintiff's] ability to perform in the workplace as 'limited' or 'fair' were not useful because they failed to specify [the plaintiff's] functional limits. Therefore, the ALJ could reasonably conclude these characterizations were inadequate for determining RFC." Ford v. Saul, 950 F.3d 1141, 1156 (9th Cir. 2020). Because Dr. Cooper's opinions regarding attendance, safety, and supervision did not provide useful statements regarding the degree of Plaintiff's limitations, along with the fact that the ALJ found the opinion of Drs. Leizer and Haroun persuasive and unambiguously relied upon it, the Court finds that any error regarding these limitations identified by Dr. Cooper would have been harmless.[3]

/ / /

---

[3] With regard to the ALJ relying on the broader opinion between Dr. Cooper and Drs. Leizer and Haroun regarding Plaintiff's ability to perform one-two-step instructions and short and simple job instructions, the Court observers that the Ninth Circuit recently countenanced a decision where the ALJ found two opinions of state consultative examiners persuasive that opined that the plaintiff could perform both simple and one-to-two step tasks, and the ALJ adopted the broader limitation. Dunn, 2024 WL 3439583 at *2. In light of Dunn, the Court strains to find that the ALJ erred in this determination.

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED.  It is FURTHER ORDERED that judgment be entered in favor of Defendant Commissioner of Social Security and against Plaintiff Nancy Alaniz.  The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:    **January 28, 2026**

STANLEY A. BOONE
United States Magistrate Judge

11